UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTY EMBRY,<br><br>    Petitioner,<br><br>    v.<br><br>R. JOHNSON, Warden of CSP-LAC,<br><br>    Respondent. | No. 1:21-cv-00082-NONE-JLT (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION FOR A STAY, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR PURPOSE OF CLOSING CASE AND THEN ENTER JUDGMENT AND CLOSE CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u><br><br>(Doc. Nos. 1, 3, and 10) |

Petitioner is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition includes five claims for federal habeas relief that encompass alleged prosecutorial misconduct, ineffective assistance of counsel, and errors in jury instructions in connection with his underlying criminal conviction in state court, among other issues. On January 21, 2021, petitioner filed a motion contemporaneously with his petition requesting that the court stay this petition and hold it in abeyance so that he may return to state court to exhaust certain unexhausted claims.

On March 29, 2021, the magistrate judge assigned to the case issued findings and recommendations recommending that the pending motion for a stay and abeyance be denied and

1

that the petition be dismissed. (Doc. No. 10.) The magistrate judge based that recommendation on the fact that appellate proceedings in petitioner's case are ongoing before the state courts. (*Id*. at 3–4.) In this regard, in 2019, petitioner's underlying criminal case was remanded for resentencing by the California Court of Appeal for the Fifth Appellate District; however, after the trial court reimposed the same sentence, petitioner appealed again from his judgment of conviction and sentence. (*Id*. at 2.) That appeal is still pending. (*Id*.)

The findings and recommendations were served upon all parties and contained notice that any objections were to be filed within twenty-one days from the date of service of that order. On April 19, 2021, petitioner filed objections to the magistrate judge's findings and recommendations. (Doc. No. 11.) Therein, petitioner contends that the *Younger* abstention doctrine need not be applied to his case because the sentencing issues on appeal are a matter of state law and do not affect his federal habeas claims. (*Id*. at 2.) Petitioner also argues that the court should grant his motion for a stay and hold his petition in abeyance because his *pro se* status in his state and federal proceedings constitutes "good cause" under *Dixon v. Baker*, 847 F.3d 714 (9th Cir. 2017).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Petitioner's state court judgment is not yet final. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") (quoting *Berman v. United States,* 302 U.S. 211, 212 (1937).

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the

petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that the pending petition should be dismissed in light of the ongoing state appellate proceedings to be debatable, wrong, or deserving of encouragement to proceed further. Thus, the court DECLINES to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations, filed March 29, 2021 (Doc. No. 10), are ADOPTED IN FULL;
2. Petitioner's motion for a stay (Doc. No. 3) is DENIED;
3. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;
4. The clerk of court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to ENTER JUDGMENT and close the case; and,
5. The court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **May 20, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE